## ASSOCIATES INVESTMENT CO v DOUBRAVA

Ohio Appeals, 9th Dist, Summit Co

No 2636. Decided May 26, 1936

Lewis A. Seikel, Akron, and J. E. Seary, Akron, for plaintiff in error.

DeWoody & Keeney, Akron, for defendant in error.

## OPINION

PER CURIAM

This cause is before this court upon error proceedings.

The original action was one for damages claimed to have been suffered by Doubrava because of the conversion of certain personal property alleged to belong to Doubrava, which it was asserted had been converted by defendant, Associates Investment Co., to its own use.

The facts as disclosed by the record are these:

The Associates Investment Co. was the owner and holder of a duly recorded chattel mortgage upon an Essex automobile belonging to Doubrava, which mortgage secured a note signed by Doubrava and his father in the sum of $160, payable at $16 a month.

Four payments had been made upon said note, when, by mistake, the investment company forwarded to Doubrava a release of the mortgage, and the said note marked cancelled.

Thereafter, the investment company, having discovered its mistake, made demand upon Doubrava for a return of the release of mortgage and the note, or, in the alternative, for payment in full, or surrender of the Essex automobile.

Doubrava refused to accede to any of these demands, and the next day cancelled of record the chattel mortgage upon said automobile.

Shortly thereafter, upon advice of counsel, the investment company discovering said Essex automobile upon the street in Twinsburg, Ohio, possessed itself of said car, without the knowledge or consent of Doubrava.

In repossessing said automobile, said investment company took, without noticing at the time of the taking, certain small items of personal property, of inconsequential value. Shortly after the repossession of the auto, discovery of the presence of said items of personal property was made, but the investment company did not notify Doubrava that said automobile or said personal porperty was in its possession, and as a result of that failure, Doubrava spent some time, effort and money in attempting to discover the whereabouts of said auto and its contents.

The auto and its contents were in the possession of the investment company for four days, when they were returned to Doubrava intact and undamaged, upon his paying the balance owing upon his indebtedness.

In the meantime, however, this suit had been filed.

In the trial in the Common Pleas Court, the question of the allowance of damages for the taking and retention of the automobile was withdrawn from the consideration of the jury, but the court charged that for the taking and retention of said items of personal property the plaintiff might recover punitive as well as compensatory damages, if the jury found the same to be warranted.

Assuming, without deciding, that the investment company had a right to repossess the car of Doubrava because of breach of the conditions of the mortgage with reference to payment, was the court warranted, under the facts disclosed by this record, in charging on the question of punitive damages in connection with the taking and retention of said items of personal property, and if so, did it charge correctly?

13 O. Jur., "Damages," §139 in part (pp. 238-240), states the following:

"The Ohio rule allowing a recovery of punitive or exemplary damages is, as the statement of the rule implies, predicated upon the circumstance that the wrong complained of involves ingredients of fraud, malice, or insult, or a wanton and reckless disregard of the plaintiff's rights. Exemplary damages are a punishment, and should only attach to a wrongful intention, and it is frequently stated broadly that malice or insult is a necessary element in order to warrant a recovery thereof. That such damages are allowable only in cases of that kind is settled beyond dispute. As pointed out in an early case, the principle of permitting damages beyond naked compensation is for example, and the punishment of the guilty party for the wicked, corrupt, and malignant motive and design which prompted him to the wrongful act. But a trespass may be committed from a mistaken notion of power, or from an honest motive. The law tolerates no such abuse of power, nor excuses such act; yet, in morals, and in the eye of the law, there is a vast difference between the criminality of a person acting mistakenly from a worthy motive, and one committing the same act from a wanton and malignant spirit, and with a corrupt and wicked design. Hence, where a jury are called upon to give smart money, or damages beyond compensation, to punish the party guilty of the wrongful act, any evidence which would show this difference, or rather all the facts and circumstances which tend to explain or disclose the motives and design of the

party committing the wrongful act, are evidence which should go to the jury for their due consideration. In the absence of actual legal malice, exemplary damages (unless expressly given by statute) are not recoverable."

In the instant case, the trial court in its charge discussed the objects and purposes of assessing punitive damages, but did not at any place in the charge tell the jury what elements must be found by the jury before it would be warranted in assessing punitive damages against this defendant. On the contrary, the court did charge that if the jury found for plaintiff, "it would then be your duty to consider whether or not you will allow punitive damages—damages for punishment. That is a matter that is entirely within your sound discretion, and you may allow it as you see fit in your own arbitrary view of it. * * * that is a matter wholly within your sound judgment and discretion as to the propriety, in the case at hand, of granting any punitive damages asked, and if so in what amount."

If the jury first found, under proper instructions from the court, that this was a case for the assessment of punitive damages—that is, if it found that there was present the elements of "fraud, malice, or insult, or a wanton and reckless disregard of plaintiff's rights"—then it might exercise the discretion vested in it to allow or refuse punitive damages as it saw fit, within the limits stated by the ██ court; but the jury does not have the right to exercise its discretion, as to the cases in which punitive damages may be allowed, unless it first finds the existence of the elements warranting the assessment of punitive damages or the case is one in which punitive damages are allowable as a matter of law, and this is not such a case.

We are of the opinion that, if the question of the assessment of punitive damages in this case had been left to the jury under proper instructions, the jury would not have been justified in allowing punitive damages under the evidence here presented, for we are unable to discern those elements of wanton and reckless disregard of plaintiff's rights which would warrant charging upon the subject of, or the assessment of, punitive damages.

The taking of the car in this case is assumed to have been a lawful exercise of the investment company's rights under its contract. The taking of the items of personal property was accomplished without knowledge on the part of the investment company. The retention of said personal property after its discovery was done knowingly.

We are clearly of the opinion that the trial court erred in charging on the subject of punitive damages (see █ White Co. v Canton Trans. Co., 131 Oh St 190) and in its charge upon that subject, and inasmuch as the compensatory █ damages were stipulated to be not in excess of $10 for retention of said personal property, and $25 for attorney fees up to the time of filing the petition, the conclusion is inescapable that the jury assessed at least $165 as punitive damages.

The verdict of the jury allowing punitive damages is, therefore, in the opinion of this court, manifestly against the weight of the evidence.

For error in the charge of the trial court, and because the verdict assessing punitive damages is manifestly against the we'ght of the evidence, the judgment is reversed and the cause remanded.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.